IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| TEAM INDUSTRIAL SERVICES, INC.,<br><br>    Plaintiff,<br><br>    vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY, KELLI MOST, individually and as personal representative of the ESTATE OF JESSE HENSON, TRACY DUNNAWAY, BAILEY BURCHETT, individually and as administrator of the ESTATE OF DAMIEN "CRAIG" BURCHETT, DALTON BURCHETT, and WESTAR ENERGY, INC., N/K/A EVERGY KANSAS CENTRAL, INC.<br><br>    Defendants. | Case No. ___ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Team Industrial Services, Inc., through its attorneys, states as follows for its complaint for declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202 against Zurich American Insurance Company:

**PARTIES AND JURISDICTION**

1. Plaintiff Team Industrial Services, Inc. ("Team") is incorporated in Texas with its principal place of business in Texas and is a citizen of Texas.

2. Defendant Zurich American Insurance Company ("Zurich") is incorporated in New York with its principal place of business in Cook County, Illinois, and is a citizen of Illinois and New York.

3. Kelli Most, individually and as personal representative of the Estate of Jesse Henson, is a plaintiff in Case 18-DCV-256883 pending in Texas District Court for Fort Bend

County, Texas (the "Texas Tort Case"), in which Team is a defendant. She and the Estate of Jesse Henson are citizens of Kansas.

4. Tracy Dunnaway is an intervenor-plaintiff in the Texas Tort Case. She is a citizen of Kansas.

5. Bailey Burchett, individually and as administrator of the Estate of Damien "Craig" Burchett, is an intervenor-plaintiff in the Texas Tort Case. Ms. Burchett and the Estate of Damien "Craig" Burchett are citizens of Kansas.

6. Dalton Burchett is an intervenor-plaintiff in the Texas Tort Case. Mr. Burchett is a citizen of Kansas.

7. Westar Energy, Inc., n/k/a Evergy Kansas Central, Inc. ("Westar"), is a corporation incorporated in Kansas with its principal place of business in Topeka, Kansas, and is therefore a citizen of Kansas.

8. The parties identified in paragraphs 3-6 of this complaint are necessary parties to this action because they have an interest in the outcome of this litigation, as they are parties in the Texas Tort Case against Team, and proceeds from the insurance policy at issue in this case could be used to satisfy a judgment resulting from the Texas Tort Case.

9. Westar is a necessary party to this litigation because its interests may be affected by the outcome of this litigation.

10. There is complete diversity of jurisdiction between the plaintiff and all defendants.

11. The amount in controversy exceeds $75,000.

12. This Court has subject matter jurisdiction under 28 U.S.C. §1332.

# FACTS

13. Furmanite America, Inc. ("Furmanite") and Westar entered into contract No. 902236, dated August 10, 2010, for performance of certain work at Westar facilities.

14. On November 4, 2013, Westar executed a change order to contract No. 902236, which was numbered "CHANGE ORDER NO. 01."

15. Change Order No. 1 to contract 902236 is attached as Exhibit A to this complaint and incorporated as though fully set out in this paragraph.

16. Change Order No. 1 to contract 902236 extended the effective date of contract 902236 to December 31, 2018.

17. Change Order No. 1 modified the language of contract 902236 to include language relating to an Owner's Controlled Insurance Program.

18. An Owner's Controlled Insurance Program (abbreviated as "OCIP" throughout this complaint) is a program in which a premises or project owner enrolls entities, such as contractors and subcontractors, in a common insurance policy.

19. At all times relevant, Westar arranged, controlled, or sponsored an OCIP available to contractors for work performed at Westar properties, including Westar's Jeffrey Energy Center in St. Mary's, Kansas.

20. Furmanite enrolled in Westar's OCIP via an enrollment application dated July 31, 2013, attached to this complaint as Exhibit B.

21. On or about February 29, 2016, Furmanite became a wholly-owned subsidiary of Team.

22. On September 11, 2017, Westar executed a change order, Change Order No. 02 to contract 902228, acknowledging that Furmanite was acquired by Team and stating, "This change order will consolidate the two services contracts that Furmanite (902236) and TEAM (902228)

hold with Westar Energy and become effective as of September 1, 2017." The change order is attached as Exhibit C to this complaint.

23. The change order attached as Exhibit C called for Furmanite's contract (902236) to be "retired," and for all pending purchase orders issued under Furmanite's supplier identification number to be reissued under Team's supplier identification number and governed by Team's contract (902228).

24. The intent and effect of Change Order No. 02 was to fully substitute out Furmanite and substitute in Team in all respects regarding the relationship with Westar and work performed at Westar properties.

25. As of September 1, 2017, contract 902236 was retired and all future work for Westar was done by Team under contract 902228.

26. Following September 1, 2017, Furmanite ceased to perform work at Westar facilities, and Team performed all pending and future assignments from Westar.

**The 2018-19 OCIP**

27. Defendant Zurich issued OCIP policy GLO 0220071 00, with effective dates of January 1, 2018 to January 1, 2019 which provided coverage to all enrolled contractors performing work for Westar during the policy's effective dates. Upon information and belief, Exhibit H to this complaint is a true and accurate copy of the Zurich OCIP policy.

28. Team submitted payroll information to Westar for policy period January 1, 2018 to January 1, 2019, for use in calculating premiums under the OCIP. Team's submission was consistent with what Furmanite had done for prior policy periods in which Furmanite was enrolled in the OCIP, prior to Team's substitution for Furmanite via Change Order No. 02 to contract 902228.

29. On information and belief, Westar included Team's payroll information on its submission of payroll for enrolled contractors to Zurich for purposes of calculating premiums under the OCIP.

30. Upon information and belief, Zurich charged Westar premiums for the OCIP based in part on Team's payroll information.

31. Upon information and belief, Westar paid the premiums Zurich charged for the OCIP, including those based in part on Team's payroll information.

32. Upon information and belief, Zurich accepted payment of OCIP premiums based on Team's payroll information.

### The 2018 Accident

33. In or about April 2018, Team performed certain work for Westar at Westar's Jeffrey Energy Center in St. Mary's, Kansas.

34. On or about June 3, 2018, a fatal accident occurred at Westar's Jeffrey Energy Center in St. Mary's, Kansas.

35. As a result of the accident, Team has been named a defendant in the Texas Tort Case, which alleges Team's work for Westar in April of 2018 was negligent.

### Denial of Coverage

36. On August 3, 2018, having been named as a defendant in two wrongful death lawsuits stemming from the June 4, 2018 accident,[1] Team tendered its defense to Zurich based on its believed enrollment in the OCIP. Exhibit D to this complaint is the tender letter.

37. On October 10, 2018, Zurich denied Team's tender on the grounds that Team was not enrolled in the OCIP. The denial letter is attached as Exhibit E.

---

[1] All claims have subsequently been joined together in the Texas Tort Case.

38. Subsequent correspondence between Zurich and Team revealed that Zurich enrolled Furmanite but not Team in the OCIP. See attached Exhibit F (November 30, 2018 correspondence) and Exhibit G (June 5, 2019 correspondence). Zurich reiterated its coverage denial in Exhibit G.

## Mutual Mistake and Contract Reformation

39. Westar and Team understood Team and not Furmanite would perform all work for Westar effective September 1, 2017, including during the Zurich 2018-19 policy period.

40. Westar and Team intended Team, as the contractor performing certain covered work at the Westar facility, to be enrolled in the Zurich OCIP for the policy period of January 1, 2018 to January 1, 2019.

41. Zurich and Westar intended to enroll in the OCIP contractors actually performing work for Westar for which Westar collected payroll details and submitted payroll details to Zurich for calculation of OCIP premiums.

42. Zurich and Westar intended OCIP coverage to be provided in exchange for premiums paid by Westar and accepted by Zurich.

43. Accordingly, Team was the intended enrollee on the Zurich OCIP for the policy period of January 1, 2018 to January 1, 2019.

44. By mutual mistake, Furmanite was enrolled in the Zurich OCIP instead of Team, despite the fact that all of Furmanite's rights and responsibilities in regards to Westar had been reassigned to Team effective four months before the Zurich policy incepted, despite the fact that Furmanite had no payroll to report but Team actually reported payroll to Westar for use in OCIP enrollment, and despite the fact that premiums was calculated, paid, and accepted based on Team's but not Furmanite's payroll.

45.     Accordingly, Team is entitled to coverage under the Zurich OCIP policy and the Zurich OCIP policy should be reformed to reflect Team and not Furmanite as an enrolled contractor.

## COUNT I

### 28 U.S.C. § 2201
### DECLARATORY JUDGMENT

46.     Team incorporates and realleges the preceding paragraphs as though fully set out here.

47.     28 U.S.C. §2201 permits courts to declare the rights and other legal relations of any interested party seeking such declaration in cases of actual controversy within its jurisdiction.

48.     28 U.S.C. §2202 and this Court's inherent powers of equity permit this Court to award further necessary relief based on a declaratory judgment or decree.

WHEREFORE, Plaintiff Team Industrial Services, Inc. respectfully requests this Court enter an order:

    a. Declaring that via Change Order 02 to Contract 902228, the parties intended that Team Industrial Services, Inc. would be substituted for Furmanite in all regards relating to Westar, including as enrollee in the Zurich OCIP;

    b. Reforming Zurich Policy GLO 0220071 00 to list "Team Industrial Services, Inc." as enrolled in the OCIP in Furmanite's stead; and

    c. Declaring that Team Industrial Services, Inc. is entitled to defense and indemnity for claims arising from the subject June 4, 2018 accident, including all claims asserted in the Texas Tort case, under Zurich Policy GLO 0220071 00.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff, pursuant to Local Rule 40.2, designates Kansas City, Kansas as the place of trial for the instant case.

Respectfully Submitted,

**Team Industrial Services, Inc.**

 /s/ J. Brett Milbourn
J. Brett Milbourn            KS Bar #12743
Robert M. Pitkin             KS Bar #13868
2600 Grand Boulevard, Suite 1100
Kansas City, MO 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
bmilbourn@hab-law.com
rpitkin@hab-law.com


*Co-Counsel (pro hac vice applications forthcoming)*
Jack C. Hsu         IL Bar #6216270
Nathan A. Hall      IL Bar #6308423
Brian H. Boyle, Jr. IL Bar #6308631
Christensen Hsu Sipes, LLP
135 S. LaSalle Street, Suite 4200
Chicago, IL 60603
Telephone: (312) 634-1014
Facsimile: (312) 634-1018
jack@chs.law
nate@chs.law
brian@chs.law