# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**TEAM INDUSTRIAL SERVICES, INC.,**

    **Plaintiff,**

    v.

**ZURICH AMERICAN INSURANCE COMPANY, et al.,**

    **Defendants.**

Case No. 2:19-2710-JAR-KGG

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Team Industrial Services, Inc.'s Motion for Leave to File Documents Under Seal (Doc. 17). Plaintiff seeks leave to file under seal its Memorandum in Support of Plaintiff's Motion for Summary Judgment (Doc. 16), as well as ten exhibits in support thereof. In support of the motion to file under seal, Plaintiff states that the exhibits supporting its motion and referenced in the body of the Memorandum are protected by a confidentiality order or agreement between some of the parties in the underlying tort action pending in Texas and thus should be sealed in their entirety. No protective order has been filed in this case.

Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents."[1] The Court, however, does have "discretionary power to control and seal, if necessary, records and files in its possession."[2] "In exercising this discretion, [the court] weigh[s] the interests of the public, which are

---

[1] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[2] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

presumptively paramount, against those advanced by the parties."[3] "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."[4] "The Court should seal documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture."[5]

The Court grants Plaintiff's motion to file under seal the proposed sealed Exhibits 4–8 and 10–14 that have been identified as protected by the confidentiality order or agreement. But the Court cannot grant the motion for leave to seal the Memorandum in Support of Plaintiff's Motion for Summary Judgment based solely on the fact that it references the exhibits or information identified as confidential under the order or agreement. It appears that the Memorandum could be presented in redacted form to account for some references to confidential exhibits or information.

If the parties agree that the motion should be filed in redacted form, Plaintiff may file a motion for leave to file a redacted Memorandum in Support of Plaintiff's Motion for Summary Judgment, attaching the proposed redacted document, with an unredacted copy provided separately to the Court. If the Court grants leave to file the redacted motion, the Clerk's office will then file the unredacted copy as a sealed attachment.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File Documents Under Seal (Doc. 17) is **granted in part and denied in part**. Plaintiff's motion to seal the attached Exhibits 4–8 and 10–14 is **granted**. Plaintiff's motion to seal the attached Memorandum is **denied without prejudice** to refiling as explained in this Order.

---

[3]*Id.*; *see also United States v. Apperson*, Nos. 14–3069, 14–3070, 2016 WL 898885, at *6 (10th Cir. Mar. 9, 2016).

[4]*Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

[5]*McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2010 WL 4024065, at *1 (D. Kan. Oct. 13, 2010).

**IT IS SO ORDERED.**

Dated: January 21, 2020

                                                S/ Julie A. Robinson
                                               JULIE A. ROBINSON
                                               CHIEF UNITED STATES DISTRICT JUDGE