# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TEAM INDUSTRIAL SERVICES, INC.,

    **Plaintiff,**

    v.

ZURICH AMERICAN INSURANCE
COMPANY, et al.,

    **Defendants.**

Case No. 19-2710-JAR-KGG

## MEMORANDUM AND ORDER

Before the Court are Defendant Evergy Kansas Central, Inc.'s Motion to Dismiss Plaintiff's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(d) (Doc. 36), and Defendant Zurich American Insurance Company's Motion for Extension of Time under Fed. R. Civ. P. 56(d) (Doc. 38). Defendants Bailey Burchett, Craig Burchett, and Dalton Burchett join in the motions,[1] which are now fully briefed. As described more fully below, the Court grants Defendants' motions, and under Fed. R. Civ. P. 56(d)(1) denies without prejudice Plaintiff's Motion for Summary Judgment (Doc. 16).

**I.    Background**

Beginning in 2010, Furmanite America, Inc. ("Furmanite") had a contractual business relationship with Westar Energy ("Westar"), later renamed Evergy Kansas Central, Inc. ("Evergy"). In 2016, Furmanite became a wholly-owned subsidiary of Plaintiff Team Industrial Services, Inc. ("Team"). Thereafter, Team performed work for Westar under contract, including work at Westar's Jeffrey Energy Center in St. Mary's, Kansas. On June 18, 2018, a fatal accident occurred at Westar's Jeffrey Energy Center. Team is a named defendant in a Texas

---

[1]Doc. 47.

state court matter alleging that Team's work for Westar in April 2018 was negligent. After that case was filed, Team tendered its defense to Defendant Zurich American Insurance Company ("Zurich"), based on its belief that it was enrolled in Westar's Owner Controlled Insurance Program ("OCIP"), through which Westar arranged, controlled, or sponsored insurance coverage for contractors that perform work at Westar properties. On October 10, 2018, Zurich denied Team's tender on the grounds that Team was not enrolled in the OCIP. Team alleges in this lawsuit that Zurich mistakenly enrolled Furmanite instead of Team in the OCIP. Team seeks to reform the insurance policy to list it as enrolled in the program on the basis of mutual mistake.

The Texas tort action was filed in 2018. Team filed this lawsuit on November 19, 2019, attaching several documents referenced in the Complaint. On January 17, 2020, before discovery commenced, Team filed its motion for summary judgment, attaching the same documents filed with the Complaint as well as thirteen additional exhibits. Defendants ask the Court to deny the motion for summary judgment as premature, arguing that they need time for discovery in order to respond to the motion. In the interim, Defendant Kelli Most filed a motion to dismiss this action on jurisdictional grounds; that motion recently went under advisement.

## II. Standard

Under Fed. R. Civ. P. 56(d), if a nonmovant states by affidavit that he cannot present facts essential to oppose a motion for summary judgment, the Court may, "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[2] The decision whether to grant a Rule 56(d) motion lies within the sound discretion of the court.[3] The nonmovant must satisfy several requirements to

---

[2] Fed. R. Civ. P. 56(d); *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (discussing the standard under pre-amendment subsection (f)).

[3] *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1553–54 (10th Cir. 1993).

obtain relief under Rule 56(d). By affidavit, the moving party must explain: (1) why facts precluding summary judgment are unavailable; (2) what probable facts it can find through further discovery; (3) what steps it has taken to obtain such facts; and (4) how additional time will allow it to controvert facts.[4] "A party may not invoke Rule 56[d] 'by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion.'"[5]

## III. Discussion

Evergy and Zurich submitted declarations from their attorneys addressing the relevant factors.[6] These declarations satisfy the Rule 56(d) requirements as follows. Counsel have shown why certain facts precluding summary judgment are unavailable. Namely, this case is in its earliest stages and discovery has not yet commenced. Evergy had not yet filed its Answer at the time Team filed its motion for summary judgment. Defendant Kelli Most has filed a motion to dismiss for lack of jurisdiction—a threshold issue. No scheduling conference has been set yet. This is not a case where discovery is merely incomplete; discovery has not even commenced.

Moreover, among the exhibits in support of its motion for summary judgment, Team submits the Declaration of Brenda Lemont. Lemont previously worked for Zurich as a Senior Account Executive in Construction, and attests that she was involved in the decision to deny Team's tender of defense and indemnity. Team cites to her declaration in support of its factual assertion that the parties intended for Team to replace Furmanite on the OCIP. Larry Fields, Zurich's attorney, declares that Team's motion for summary judgment was his first notice that

---

[4]*Price*, 232 F.3d at 783 (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

[5]*Garcia v. U.S. Air Force*, 533 F.3d 1171, 1179 (10th Cir. 2008) (quoting *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007)).

[6]Docs. 37, 39-1.

Team had been in contact with Lemont. She is now employed by another insurance company, XL Catlin Insurance Company ("XL Catlin") that happens to be Team's liability insurer for the policy period at issue in the Texas lawsuit, and that insurance company has made demands upon Zurich based on the claims made in this case. Because Zurich did not have prior notice about Lemont's probable testimony, it was not prepared to respond to factual assertions supported by her declaration.

Both Zurich's and Evergy's attorneys set forth in detail the probable facts that can be obtained through further discovery, the steps they have taken to obtain such facts, and how additional time will allow them to controvert the facts asserted by Team. Fields explains that Zurich must conduct discovery about facts such as the parties' intent with respect to Team's enrollment in the OCIP, Westar's contracts with Furmanite and Team, Lemont's role as an employee for Zurich and then later for XL Catlin, Lemont's actions while employed at Zurich with respect to Team's enrollment in the OCIP, and the circumstances surrounding Lemont's departure from Zurich. Fields anticipates conducting the following depositions to investigate these facts: (1) Lemont, (2) a corporate representative of XL Catlin, (3) attorneys or staff from Team's lawyers who communicated with Lemont about her declaration, (4) a corporate representative of Aon Risk Services ("Aon") and/or (5) Aon employees responsible for administering the Westar OCIP during the relevant time.

Fields attended, but did not participate in, three depositions of Westar employees taken in the Texas tort case that lead him to believe their testimony will support his client's position that Team was not enrolled in the OCIP and that the parties did not intend for it to be. He has also preliminarily investigated how Team located Lemont, where she currently works, and her legal

4

representation. However, given the posture of this case, Fields has been unable to conduct document discovery or his own depositions of relevant witnesses.

John Bullock, Evergy's attorney, attests that Evergy requires discovery on the nature of the transactions involving Team and Furmanite, the underlying documents and facts that Lemont attests to in her declaration, Westar's maintenance schedule for plant facilities and operations, and the intent of the parties regarding the OCIP. Bullock anticipates deposing Lemont, as well as conducting document discovery on these issues. Because Evergy was served on January 8, 2020, just over one week before Plaintiff filed its summary judgment motion, it has not had any opportunity to investigate and conduct the discovery required to respond to the motion.

The Court finds that all of the requirements have been met to invoke Rule 56(d). The motion for summary judgment is premature and it is clear that Defendants require discovery in order to controvert the facts asserted by Team in its motion. Moreover, there is a pending motion to dismiss filed by Defendant Most on jurisdictional grounds. It is therefore in the interest of judicial efficiency to deny Team's motion for summary judgment without prejudice under Fed. R. Civ. P. 56(d)(1), subject to refiling after Defendants have an opportunity to conduct document discovery and the depositions set forth above, and after this Court rules on the pending motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Evergy Kansas Central, Inc.'s Motion to Dismiss Plaintiff's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(d) (Doc. 36) and Defendant Zurich American Insurance Company's Motion for Extension of Time under Fed. R. Civ. P. 56(d) (Doc. 38) are **granted**. Plaintiff's Motion for Summary Judgment (Doc. 16) is **denied without prejudice**.

**IT IS SO ORDERED.**

Dated: March 13, 2020

S/ Julie A. Robinson<br>JULIE A. ROBINSON<br>CHIEF UNITED STATES DISTRICT JUDGE