IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TEAM INDUSTRIAL SERVICES,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**ZURICH AMERICAN INSURANCE COMPANY, et al.,**<br><br>    **Defendants.** | Case No. 19-2710-JAR-KGG |

## MEMORANDUM AND ORDER

This is an insurance coverage action between Plaintiff Team Industrial Services, Inc. ("Team") and Defendant Zurich American Insurance Co. ("Zurich") arising out of work performed by Team in Kansas as a contractor to Westar Energy ("Westar") at Westar Jeffrey Energy Center ("the Plant"), a sub-bituminous coal-fired power plant located approximately 50 miles northwest of Topeka, Kansas. On June 3, 2018, an explosion at the Plant killed two Westar employees, Jesse Henson and Damien "Craig" Burchett. Their estates filed wrongful death actions in October 2018 that are currently pending in Texas state court; Zurich and Westar are not parties to that consolidated action.[1]

Team filed this action in November 2019, seeking benefits and coverage under an Owner Controlled Insurance Program ("OCIP") issued by Zurich that Westar established for enrolled contractors at the Plant. Team alleges that Zurich wrongfully denied coverage and refused to provide a defense to Team in the Texas action. Team also named as Defendants Westar; Kelli Most, the personal representative of Jesse Henson's estate; Bailey Burchett, the administrator of

---

[1] After the accident, Westar's name changed to Evergy Kansas Central, Inc.

Damien Burchett's estate, and the decedents' other heirs: Dorian Henson, Cecilia Henson, Tracy Dunnaway, Carol Anno, and Dalton Burchett.  Before the Court is Defendants Cecilia and Dorian Henson's Joint Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 70).  The motion is fully briefed and the Court is prepared to rule.  As described more fully below, the Court grants the motion to dismiss.

**I.   Standard**

The Hensons move to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).  Plaintiff bears the burden of establishing personal jurisdiction.[2]  In the absence of an evidentiary hearing, as in this case, the plaintiff must make only a prima facie showing of jurisdiction to defeat a motion to dismiss.[3]  "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."[4]  Allegations in a complaint are accepted as true if they are plausible, non-conclusory, and non-speculative, to the extent that they are not controverted by submitted affidavits.[5]  The court resolves all factual disputes in favor of the plaintiff.[6]  "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'"[7]

---

[2] *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

[3] *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056–57 (10th Cir. 2008) (first citing *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998); then citing *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)).

[4] *Id*. (quoting *OMI Holdings, Inc.*, 149 F.3d at 1091).

[5] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007)).

[6] *Id.* (citation omitted).

[7] *OMI Holdings, Inc.*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

## II. Background

The following material facts are taken from the First Amended Complaint ("FAC") and the exhibits attached to Team's response memorandum.[8]

Jesse Henson's Last Will and Testament was signed on February 28, 2012. It bequeathed all tangible personal property, "in accordance with any written instructions left by me and the remainder" to his wife, Kelli Most. The will directed that the remainder of his estate, after payment of estate expenses, would go to Most. If Most predeceased Henson, then the remainder of the estate would go to his then-living issue, per stirpes. Most did not predecease Henson. Dorian and Cecilia Henson are the surviving children of decedent Jesse Henson. Dorian is a citizen of Arizona and Cecilia is a citizen of Washington.

Most is the executor of Jesse Henson's will and filed a Petition for Probate of Will and Issuance of Letters Testamentary in that capacity on July 26, 2019, in the District Court of Pottawatomie County, Kansas. The Petition lists Most, Dorian Henson, and Cecilia Henson as the only known heirs of the decedent.

On February 10, 2020, Most, individually and as personal representative of the Estate of Jesse Henson, filed a Third Amended Petition on behalf of herself and Dorian Henson and Cecilia Henson in the Texas action, claiming Team's negligence caused the injuries that ultimately led to Jesse Henson's death.

Team's FAC in this case seeks damages from Zurich for breach of contract, or in the alternative, prays for declaratory relief and reformation of the insurance contract at issue. The

---

[8] Docs. 81-2, 81-3.

FAC alleges that it names the representatives and heirs to the decedents' estates because they "are necessary parties to this action because they have an interest in the outcome of this litigation, as they are parties in the Texas Tort Case against Team, and proceeds from the insurance policy at issue in this case could be used to satisfy a judgment resulting from the Texas Tort Case."[9]

### III. Discussion

Federal courts follow state law "in determining the bounds of their jurisdiction over persons."[10] However, "[a] state court's assertion of jurisdiction exposes defendants to the State's coercive power, and is therefore subject to review for compatibility with the Fourteenth Amendment's Due Process Clause."[11] To establish personal jurisdiction over a defendant, a plaintiff must show that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process.[12] The Kansas long-arm statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process, therefore the Court proceeds directly to the constitutional analysis.[13]

The due process analysis is comprised of two steps. First, the court must consider whether the defendant has such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there."[14] If the requisite minimum contacts are

---

[9] Doc. 64 ¶ 11.

[10] *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed R. Civ. P. 4(k)(1)(A)).

[11] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[12] *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).

[13] *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (citing *Volt Delta Res., Inc. v. Devine*, 740 P.2d 1089, 1092 (Kan. 1987)).

[14] *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153, 1159–60 (10th Cir. 2010) (citing *OMI Holdings, Inc.*, 149 F.3d at 1091).

4

found, the Court will proceed to the second step in the due process analysis—ensuring that the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'"[15]

"Minimum contacts" can be established in one of two ways, either generally or specifically for lawsuits based on forum-related activities.[16] Team does not assert that the Court has general jurisdiction over the Hensons, therefore the Court confines its analysis to specific jurisdiction. The specific jurisdiction inquiry "focuses on 'the relationship among the defendant, the forum, and the litigation.'"[17] To establish minimum contacts, the "defendant's suit-related conduct must create a substantial connection with the forum State."[18] A plaintiff must show: (1) that the defendant purposefully directed activities at the forum State, and (2) that plaintiff's injuries arise out of the defendant's forum-related activities.[19] "Each defendant's contacts with the forum State must be assessed individually."[20]

Team argues that the Hensons purposefully directed activities to the State of Kansas because their father, Jesse Henson, lived, worked, was injured, and died in Kansas, causing his estate to be established in Kansas. Team urges that because the Estate asserts wrongful death claims against Team in Texas, they directed activities to the State of Kansas. Team further argues that the Texas plaintiffs could have brought the wrongful death action in Kansas but

---

[15] *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (quoting *Int'l Shoe*, 326 U.S. at 316).

[16] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1078 (10th Cir. 2008) (citations omitted).

[17] *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).

[18] *Id.*

[19] *See, e.g.*, *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. 408, 414 (1984); *Fireman's Fund Ins. Co. v. Thyssen Mining Constr. of Can., Ltd.*, 703 F.3d 488, 493 (10th Cir. 2012); *Dudnikov*, 514 F.3d at 1071.

[20] *Calder v. Jones*, 465 U.S. 783, 790 (1984).

instead chose to litigate in a forum inconvenient to Team.  The Hensons respond that Team improperly relies on the activities of other parties—Jesse Henson and Most—to demonstrate purposeful direction.  Furthermore, the Hensons note that because the decedent's will left his entire estate to Most, the Hensons do not have a survival claim of their own in the Texas case.

The Court finds that Team has failed to meet its burden of demonstrating purposeful direction.  According to the FAC, Dorian Henson is a citizen of Arizona and Cecilia Henson is a citizen of Washington.  There are no other factual allegations in the FAC about these Defendants' contacts with the State of Kansas.  The only purposefully directed activities in Kansas cited by Team were conducted by third parties—Jesse Henson and Most.  It was Jesse Henson who lived, worked, was injured, and died in Kansas.  Most petitioned in Kansas for the Probate of Jesse Henson's will and initiated suit in Texas on behalf of herself and the Hensons.  It is axiomatic that "[t]he purposeful direction requirement 'ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, . . . or of the unilateral activity of another party or a third person.'"[21]  Team's basis for jurisdiction attempts to do just that—assert jurisdiction over the Hensons based on the unilateral activities of their father and Most.  Team points the Court to no authority, and the Court is unable to find any, that the situs of estate administration in a related insurance action is sufficient to trigger specific jurisdiction over any contingent beneficiary of the estate.[22]

Moreover, the fact that Texas may be equally inconvenient for the Hensons is of no consequence to the purposeful direction analysis.  Convenience is relevant to the reasonableness

---

[21] *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904–05 (10th Cir. 2017) (quoting *Burger King*, 471 U.S. at 475).

[22] Although Team asserts that Most is "entitled" to initiate a survival claim as the personal representative of the estate, there is no evidence in the record that she has done so, nor does Team explain how this would constitute purposeful direction by the Hensons.  *See* Doc. 81-2.

6

analysis,[23] an analysis that the Court need not reach because Team cannot pass the first Due Process hurdle of establishing minimum contacts.  Because the Hensons did not purposefully direct activities to the State of Kansas, the Court need not proceed to consider whether their forum-related activities arise out of or relate to Team's injuries or whether exercising jurisdiction over the Hensons would be reasonable under the Due Process clause.  Accordingly, the Hensons' motion to dismiss under Fed. R. Civ. P. 12(b)(2) is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants Cecilia and Dorian Henson's Joint Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 70) is **granted.** Dorian and Cecilia Henson are hereby dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: July 29, 2020

                                                    S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[23] *See Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1161 (10th Cir. 2010).