# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TEAM INDUSTRIAL SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 19-2710-JAR-KGG |
| ) | |
| ZURICH AMERICAN INSURANCE ) | |
| COMPANY, *et al.*, ) | |
| Defendants. ) | |
| _____) | |

## ORDER ON MOTION TO INTERVENE

Now before the Court is the Motion to Intervene filed by Westchester Fire Insurance Company (hereinafter "Westchester"). (Doc. 92.) Having reviewed the submissions of the parties, Plaintiff's motion is **GRANTED**.

## BACKGROUND

The following summary of the factual background of this case was previously submitted by the Plaintiff:

> [Plaintiff] Team [Industrial Service] was a contractor to defendant Westar Energy, Inc., n/k/a Evergy Kansas Central, Inc. ('Westar') to inspect, repair and certify Safety Relief Valves ('SRV') at Jeffrey Energy Center, a sub-bituminous coal-fired power plant located in Emmett Township, Pottawatomie County, about 50 miles northwest of Topeka, Kansas and seven miles northwest of St. Marys, Kansas (the 'Plant'). On June 3, 2018, two employees of Westar – Jesse Henson and Damien 'Craig' Burchett – were severely burned at the Plant and later died.

> In October 2018, Burchett's children Bailey and Dalton Burchett ('Burchetts') filed a wrongful death action against Team (and others) in federal court in Kansas.  In November 2018, Most filed a wrongful death action against Team in state court in Texas as Henson's widow.  Burchetts then voluntarily dismissed the action in this Court and instead filed a wrongful death action in Texas that was consolidated with Most's action.  A jury trial in the Texas state court action commenced February 20, 2020.

(Doc. 58, at 2.)

Westar had procured an Owner-Controlled Insurance Program policy package ("OCIP") that included a primary commercial general liability policy issued by Zurich American Insurance Company ("Zurich") for the term of January 1, 2018, to January 1, 2019 (hereinafter "Zurich policy").  The Zurich policy has policy limits of $2 Million per occurrence and $4 Million in the aggregate with a $500,000 per occurrence deductible.  The Jeffery Energy Center is a scheduled location on the Zurich Policy.  (Doc. 93, at 2.)

Westchester Fire issued an excess policy to Westar as part of the OCIP for the same policy term (hereinafter "Westchester policy").  The Westchester policy is an excess policy that identifies the Zurich policy as the first underlying policy.  (*Id*.)  According to a prior filing by Plaintiff, "[t]he question in this declaratory judgment action is whether Team was entitled to the benefits and coverage of an OCIP established by Westart [sic] for the Plant."  (Doc. 58, at 2.)

In the present motion, Westchester moves to intervene as a Plaintiff as a matter of right pursuant to Fed. R. Civ. P. 24(a). (Doc. 93, at 2.) In the alternative, Westchester moves for permissive intervention pursuant to Fed. R. Civ. P. 24(b). (*Id*.)

The Court notes that Team was the only party to respond to Westchester's Motion to Intervene. (*See* Doc. 101.) Further, Team indicates that it does not object to Westchester's requested intervention, but merely opposes Westchester being identified as a Plaintiff in this action, which would allow Westchester to "assert its own new cause of action against all current parties—including TEAM—for a declaratory judgment vis-à-vis its own separate excess policy that was issues with respect to the OCIP." (*Id.*, p. 2; *see also id.*, at 4-5). Rather, Team "believes that if the Court allows Westchester to intervene in the current action … , it should be required to intervene as a defendant, answer the FAC with its own defenses, and proceed accordingly to protect its claimed interest in the present action." (*Id*., at 2.)

## ANALYSIS

I. **Legal Standard.**

Federal Rule of Civil Procedure 24 allows two types of intervention – intervention as a matter of right pursuant to Rule 24(a) and permissive intervention pursuant to Rule 24(b). To intervene as a matter of right pursuant to Fed.R.Civ.P

24(a)(2), the movant must establish, upon a timely motion, that it "claims an interest relating to the property or transaction which is the subject of the action; … the interest may as a practical matter be impaired or impeded; and … the interest may not be adequately represented by existing parties." ***Everest Indemnity Insurance Company v. Jake's Fireworks, Inc.***, 335 F.R.D. 330, 332-33 (D. Kan. 2020) (quoting ***Kane Cty. v. United States***, 928 F.3d 877, 890 (10th Cir. 2019). Upon such a showing, the Court "must" permit intervention. Fed.R.Civ.P. 24(a). Historically, the Tenth Circuit taken a "liberal approach to intervention [of right] and thus favors the granting of motions to intervene." ***Western Energy Alliance v. Zinke***, 877 F.3d 1157, 1164 (10th Cir. 2017).

Permissive intervention pursuant to Fed.R.Civ.P. 24(b), on the other hand, rests in the discretion of the trial court. According to the Rule, the Court "may permit" intervention to anyone who "is given a conditional right to intervene by a federal statute; or … has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b). The Court, in exercising its discretion, must determine whether "intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id*. As stated above, Team has conceded that Westchester "can likely demonstrate a right to intervene … ." The Court agrees. Westchester's motion to intervene (Doc. 92) is, therefore, **GRANTED**.

Team has objected, however, to Westchester being allowed to intervene as a Plaintiff.  Team argues that allowing Westchester to do so, and "to inject an entirely new and parallel Complaint into the proceeding," would "unnecessarily confuse and cloud the posture and logistics involved in this matter."  (Doc. 101, at 5.)  Rather, Team suggests that Westchester should be allowed to intervene "as a party ***defendant*** to the current claims and dispute as to the OCIP and Zurich's primary liability insurance policy."  (*Id*. (emphasis in original).)

The Court finds that the appropriate solution is to allow Westchester to intervene as an "intervenor."  Westchester can then file a Complaint against Team, *et al.*, as an intervenor and be aligned later as a party Defendant.

The Court thus **GRANTS** Westchester's Motion to Intervene (Doc. 92) is **GRANTED** as more fully set forth above.  Any resulting Complaint by Westchester **shall be filed on or before November 3, 2020**.

IT IS SO ORDERED.

Dated this 20th day of October, 2020, at Wichita, Kansas.

s/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE
