# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TEAM INDUSTRIAL SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-2710-HLT-KGG |
| | ) | |
| ZURICH AMERICAN INSURANCE | ) | |
| COMPANY, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM & ORDER ON MOTION TO COMPEL

NOW BEFORE THE COURT is the Motion to Compel (Doc. 259) filed by

Defendant Endurance American Insurance Company (hereinafter "Endurance")

relating to responses by Plaintiff Team Industrial Services (hereinafter "Team") to

certain Interrogatories, Requests for Production, and Requests for Admission.

After review of the parties' submissions, including the discovery at issue,

Endurance's motion is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

Non-party Furmanite was a contractor which provided services to Westar

at a coal-fired power plant.   Under its contract with Westar, insurance was

provided to Furmanite by Westar under an OCIP through Zurich which provided

coverage to all enrolled contractors performing work for Westar during the

policy's effective dates.   Team alleges that it assumed the contract from Furmanite,

but that as a result of "errors, oversights, or inadvertence that [it] contends is attributable to Westar, Zurich, and/or their agents or representatives, [Team] purportedly was not enrolled in the OCIP."

Two employees of Westar ("the deceased") were killed in an accident at the site and brought legal actions against Team (hereinafter "the incident"). Zurich denied coverage because Furmanite, rather than Team, was listed as the insured, even though Team claims Westar and Zurich knew Team was performing the work at the site.

The widow of one of the deceased, Kelli Most, is a Defendant in the present litigation as personal representative of her deceased husband. She has prevailed in a lawsuit in Texas state court ("Texas litigation") against Team (the Plaintiff herein). The Texas litigation resulted in a verdict against Team in the amount of $222 million, although judgment had not been entered at the time of the filing of the present motion. (Doc. 260, at 2.)

Team brought the present litigation as a declaratory judgment action on November 19, 2019, against Westar and Zurich claiming it was entitled to coverage for the accidents. The motion to intervene (Doc. 92) filed by Westchester Fire Insurance Company was granted on 10/20/2020 (Doc. 117).

Team filed its Second Amended Complaint (Doc. 157) on February 23, 2021, which, in relevant part, added Endurance as a party Defendant as a result of

an excess policy of insurance issued by Endurance effective January 1, 2018,

through January 1, 2019.  Team alleges that Endurance, along with Defendant

insurers Zurich and Westchester, are potentially liable to defend Team or

indemnify it for damages alleged against the plaintiff in the related Texas

litigation.  (*Id.*)

Team contends it is should have been enrolled in the OCIP when it took over

work of affiliated entity Furmanite, which was previously enrolled in the Westar

OCIP.  (Doc. 157, at ¶¶ 27-38.)  Team continues that inclusion of Furmanite rather

than Team in the Westar OCIP after Team assumed Furmanite's work is the result

of an administrative error; according to Team, both it and Westar intended Team's

valve work to be covered under the Westar OCIP.  (*Id.*, ¶¶ 74-84.)

According to Endurance, Team asserted in its defense of the Texas litigation

that Team "was entitled to the workers' compensation exclusive remedy defense

under Texas law such that Most was precluded from bringing a tort action against

Team."  (Doc. 260, at 2.)  Endurance continues that

> Team asserted that the Texas Workers' Compensation
> Act provisions codified by section 408.001(a) of the
> Texas Labor Code barred Most's claims against Team.
> This was asserted by Team as an affirmative defense
> ("Affirmative OCIP Defense").  See Team's Verified
> First Amended Answer and Renewed Request for
> Disclosures, ¶ 12, attached as [Doc. 260-12].  The basis
> for this defense would have been the contention that both
> Team and Westar were insureds under the Westar OCIP,
> under Texas law Team would be considered the statutory

> employer of Westar's employees and, therefore, Most's
> remedies were limited to workers' compensation
> benefits.

(Doc. 260, at 2.)

The present motion relates to Endurance's discovery requests to Team, originally served on November 17, 2021, with responses following on December 17, 2021. (Docs. 260-9, -10, and -11.) Team argues that prior to filing the present discovery motion, Endurance failed to comply with the "meet and confer" requirements of Fed.R.Civ.P. 37 and D. Kan. Rule 37.2. The Court has, however, reviewed the parties' pre-motion communications and finds they were sufficient.

## ANALYSIS

### I.   Standards for Motions to Compel.

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim
> or defense and proportional to the needs of the case,
> considering the importance of the issues at state in the
> action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and
> whether the burden or expense of the proposed discovery
> outweighs its likely benefit. Information within this
> scope of discovery need not be admissible in evidence to
> be discoverable.

Fed.R.Civ.P. 26(b)(1). As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. ***Holick v.***

*Burkhart*, No.16-1188-JTM-KGG, 2018 WL 372440, at \*2 (D. Kan. Jan. 11, 2018).

Discovery requests must be relevant on their face. ***Williams v. Board of Co. Comm'rs***, 192 F.R.D. 698, 705 (D. Kan. 2000).  Relevance is to be "broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecomm. Corp.***, 137 F.R.D. 25, 27 (D. Kan. 1991).

Once this low burden of relevance has been established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request.  *See **Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections).  Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, 670–71 (D. Kan. 2004).

"Unless a request is overly broad, irrelevant, or unduly burdensome on its face, the party asserting the objection has the duty to support its objections." ***Funk***

*v. Pinnacle Health Facilities XXIII, LP*, No. 17-1099-JTM-KGG, 2018 WL 6042762, at *3 (D. Kan. Nov. 19, 2918) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).  Further, once the "low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request." *Waters v. Union Pac. RR. Co.*, No. 15-1287-EFM-KGG, 2016 WL 3405173, at *1 (D. Kan. June 21, 2016) (citing *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections)).  Within this framework, the Court will address the discovery requests at issue.

## II.    Discovery at Issue.

### A.    Interrogatories 1, 5, and 14.

Endurance's Interrogatory No. 1 asks Team if it "contend[s] ENDURANCE has wrongfully denied coverage to YOU for damages resulting from THE INCIDENT."  (Doc. 260-9, at 3 (capitalization in original).)  Interrogatory No. 5 asks whether Team "contend[s] Endurance has breached any duty owed to YOU with respect to coverage for any damages resulting from THE INCIDENT."  (*Id*., at 9(capitalization in original).)  Interrogatory No. 14 inquires whether Team "attribute[s] any damages to any conduct of Endurance."  (*Id*., at 11.)  Team

responded to each of these Interrogatories that it "cannot respond … as phrased, because Endurance's coverage obligations are contingent on further developments in the" Texas litigation.  (*Id*., at 3, 9, and 11.)

Endurance argues that the responses are "insufficient" and "it is not a viable response to say that Team cannot respond to the interrogatories."  (Doc. 260, at 6.)  According to Endurance, "Team either contends that Endurance has wrongfully denied coverage and/or has breached some duty as of the date of this interrogatory or it does not."  Endurance continues that

> [i]mplicit in Team's response is that it has no current basis to assert Endurance has wrongfully withheld coverage or breached any duty owed to Team because only final resolution of the Texas [litigation] would potentially trigger Endurance's obligations, if any.  If so, Team is required to respond to the interrogatories consistent with this understanding.
>
> In addition, if Team has no current basis to assert Endurance has wrongfully withheld coverage or breached any duty owed to Team because only final resolution of the Texas Action would potentially trigger Endurance's obligations, then Team currently has no viable claim for damages against Endurance.  If so, Team is required to respond to the interrogatories consistent with this understanding.

(*Id*.)

Team responds that these "contention interrogatories … purport to solicit information regarding Endurance's liabilities" but are "based on hypothetical theories of liability Team has not pleaded against Endurance and would not have

cause to assert against Endurance absent future events." (Doc. 263, at 7.) Team points out that it has not alleged that Endurance "wrongfully denied coverage" (Interrogatory 1), "breached any duty" to Team (Interrogatory 5), or "attribute[s] any damages to any conduct" of Endurance (Interrogatory 15). (*Id.*) Rather, according to Team, it has sought a declaration as to its status as an insured under Endurance's excess policy. Team continues that the policy "will not be triggered until future developments regarding the *underlying* policies at issue in this litigation, and relative to matters that are outstanding in the underlying Texas litigation." (*Id.* (emphasis in original).) As such, Team argues that these three Interrogatories seek information irrelevant to any party's claim or defense and thus not discoverable pursuant to Fed.R.Civ.P. 26(b)(1). (*Id.*, at 7-8.)

Team cites this Court's recent decision in **McIntyre v. Unified Gov. of Wyandotte Cty.**, wherein the undersigned Magistrate Judge noted that the "plain language [of Fed.R.Civ.P. 33] expressly allows for contention interrogatories to be answered near the close of discovery or later, at a pretrial conference." No. 18-2545-KHV-KGG, 2021 WL 5918917, at *4 (D. Kan. Dec. 15, 2021). But Team has taken this language out of context and ignores the following sentence of the opinion, which specifically states that "[w]hile … Rule [33] allows for this, it does not require the Court employ this procedure." *Id*. In this instance, as in **McIntyre**, Team's argument is unpersuasive.

Team brought Endurance into this case as a party Defendant in their Second Amended Complaint.  In their motion seeking leave to file that Second Amended Complaint, Team asserted "the bases for claims against [excess insurers Endurance and Westchester] did not ripen until Westchester disclaimed coverage, triggering a case and controversy regarding whether the excess insurers would rely on the misnomer to dispute their coverage obligations."  (Doc. 114, at 6.)  Team asserted that this did not occur after this litigation had commenced, which necessitated the requested amendment.  (*Id.*)

Although the circumstances relating to Team's claims against Endurance may be impacted by the Texas litigation or as a result of additional discovery in this case, Endurance is entitled to discover the information relating to Team's claims and allegations against Endurance.  ***Lonquist Field Service LLC v. Sorby***, No. 21-1035-KHV-KGG, 2021 WL 4967041, at *3 (D. Kan. Oct. 26, 2021).  Simply stated, "[a] party has a duty to provide all responsive information available when answering a discovery request."  *Id.* (citing ***High Point SARL v. Sprint Nextel Corp.***, No. 09-2269-CM- DJW, 2011 WL 197875, at *2-3 (D. Kan. Jan. 20, 2011)).

It is improper for Team to simply answer it "cannot respond" because its claims are based on hypothetical contingencies in the Texas litigation.  (Doc. 260-9, at 3, 9, and 11.)  Team first sought to bring Endurance into this lawsuit more

than 16 months ago.  (*See* Doc. 114.)  It is not premature for it to respond to discovery relating to these claims.

If Team does not allege that Endurance wrongfully denied Team coverage (Interrogatory 1), breached any duty to Team (Interrogatory 5), or attribute damages to Endurance's conduct (Interrogatory 15), then the answer to these interrogatories is "no," not that it "cannot respond."  Further, pursuant to Fed.R.Civ.P. 26(e), Team has "a continuing duty to supplement [its] interrogatory answers as information becomes available."  ***Riley v. U.S.***, No. 11-2244-EFM-DJW, 2012 WL 1231830, at *6 (D. Kan. April 12, 2021).  Team must respond with the information currently available and supplement its responses as needed as this case – and the Texas litigation – progresses.  This happens regularly in litigation in this and other Districts.  *See  **McIntyre***, 2021 WL 5918917.  Team's objections relating to Interrogatories Nos. 1, 5, and 14 are **overruled**.  This portion of Endurance's motion is **GRANTED**.

## B.    Interrogatory No. 12.

This Interrogatory inquires whether Team presented any affirmative OCIP defense to the jury in the Texas litigation.  (Doc. 260-9, at 11.)  Team objected that the information sought was irrelevant and not "reasonably calculated to lead to the

discovery of admissible evidence."[1]  Team continued that the affirmative OCIP

defense "is an issue of law, not a jury issue," thus there are no discoverable facts

relevant to any claim or defense as contemplated by Fed.R.Civ.P. 26(b)(1).

According to Endurance,

> Team asserted in the Texas Action that it was entitled to
> the benefit of the exclusive remedy rule and this was
> alleged as an affirmative defense.  Plaintiff in the Texas
> [litigation] moved for summary judgment on that
> affirmative defense and that motion was granted.
> Judgment appears to have been entered as to that defense,
> if not the entire matter by the time this motion is heard.
> As detailed above, it appears the summary judgment
> motion and the related briefing were all filed under seal.
> Accordingly, Endurance is seeking the information
> relating to Team's affirmative OCIP defense through
> discovery in this action.

(Doc. 260, at 7.)  Endurance opines that the information sought by Interrogatory

No. 12 is relevant because the underlying Texas judgment would potentially have a

*res judicata* or collateral estoppel effect in this litigation.  (*Id*., at 8.)  Endurance

also argues that it is entitled to know if Team simply abandoned the defense.  (*Id*.,

at 9.)  According to Endurance, it "is effectively being sued for the same claim –

---

[1] The Court instructs Team that the Federal Rules of Civil Procedure abandoned the "not reasonably calculated standard" in exchange for the "proportional to the needs of the case" standard seven years ago with the 2015 amendments to Rule 26(b).  ***Mayhew v. AngMar Medical Holdings, Inc.***, No. 18-2365-JWL-KGG, 2019 WL 5535243, at n.1, n.2 (D. Kan. Oct. 25, 2019) (citing Fed.R.Civ.P. 26(b)).  *See also* ***Frick v. Henry Industries, Inc.***, 13-2490-JTM-GEB, 2016 WL 6966971, at *5 (D. Kan. Nov. 29, 2016).

Team's alleged inclusion as an insured in the Westar OCIP" and thus it is "entitled to know one way or the other." (*Id.*)

Team responds that there is no factual, responsive information because "[t]he legal reason [it] did not present this defense to a 'jury' is that there is no right to do so … ." (Doc. 263, at 9.) Team objects to the effort by Endurance to "shift[s] its focus from whether the OCIP defense was presented to a 'jury' to a broader inquiry regarding whether the defense more generally was adjudicated in the Texas lawsuit." (*Id.*)

The Interrogatory, as clearly worded, inquires as to the presentation of this affirmative defense to a jury. (Doc. 260-9, at 11.) Team has responded that this affirmative defense was not presented to a jury, thus there is no responsive information. This is response is straight-forward and appropriate. This portion of Endurance's motion is **DENIED**.

### C.    Interrogatory No. 17.

This Interrogatory asks if Team "contend[s] there was any settlement offer relating to any claim arising from the INCIDENT which was within ENDURANCE's limits?" (Doc. 260-9, at 12 (capitalization in original).) If so, Endurance is asked to identify the details of any such settlement offer. (*Id.*) Team indicated that it could not "respond to this Interrogatory as phrased, because

Endurance's coverage obligations are contingent on further developments" in the Texas litigation.  (*Id*.)

Endurance argues that this information is "potentially relevant to the extent Team intends to assert Endurance breached its obligations by failing to settle the Most or some other claim."  (Doc. 260, at 11 (citations omitted).)  Although Team did not object to the relevance of the information, the Court notes the Interrogatory is facially relevant.

Further, for the reasons discussed in Section 2(A), *supra*, it is improper for Team to refuse to answer because of potential events in the Texas litigation.  Team must respond with the information currently available and supplement its responses as needed as this case – and the Texas litigation – progresses.  ***Riley***, 2012 WL 1231830, at *6.  This portion of Endurance's motion is **GRANTED**.

### D.     Request for Production No. 5.

This document request seeks communications to and from "any of YOUR insurers relating to the INCIDENT, including but not limited to ZURICH, WESTCHESTER, ENDURANCE and/or YOUR DIRECT INSURERS and relating in any way to coverage for YOU, payment of, and/or indemnification for any damages arising from the INCIDENT."  (Doc. 260-10, at 4 (capitalization in original).)  Team objected that the request was vague and ambiguous as to the phrase "YOUR insurers."  Team states that it "construes" this term

to be a reference to what Endurance otherwise has defined as 'YOUR DIRECT INSURERS.' But the Request then appears to suggest 'YOUR insurers' should be read as 'including but not limited to ZURICH, WESTCHESTER, ENDURANCE and/or YOUR DIRECT INSURERS.' This causes confusion regarding the recipients or sources of the communications that presumably are the focus of this Request, because ZURICH, WESTCHESTER, and ENDURANCE underwrote THE OCIP but have denied Team is an insured under THE OCIP. By that logical (which Team does not concede), none of the entities would qualify as 'YOUR insurers.' Also, the Request pairs 'ZURICH, WESTCHESTER, ENDURANCE' with 'YOUR DIRECT INSURERS,' which obscures the intended meaning of the initial phrase 'YOUR insurers.'

(*Id*., at 5 (capitalization in original).) Team continues that it "cannot otherwise respond to this Request absent further clarification regarding scope and focus." (*Id*.) Team complains that "[t]his request is a mix of defined and non-defined terms that are intermingled in conflicting and confusing ways. (Doc. 263, at 12.)

The Court finds Team's objection to be inappropriate. Regardless of how "YOUR insurers" or "YOUR DIRECT INSURERS" have been previously defined by Endurance, Request for Production No. 5 unequivocally seeks information regarding insurers including Defendants Zurich, Westchester, Endurance, "**and/or**" Team's direct insurers. (*Id*., at 4 (capitalization in original; further emphasis added).) There is no vagueness or ambiguity. Team's objections are **overruled**. Endurance's motion is **GRANTED** as to this document request.

**E.     Request for Production No. 7.**

Request No. 7 asks for all documents filed in the Texas litigation "relative to the Plaintiff's Motion for Partial No-Evidence and Traditional Summary Judgment Against Defendant Team Industrial Services, Inc. … ."  (Doc. 260-10, at 5.)  Team objected that the request is "vague, ambiguous, improper, and unduly burdensome" as it fails to "specify how 'ALL DOCUMENTS" must be 'relative" to the referenced Motion" making Team unable to "discern the intended scope of the Request."  (*Id.* (capitalization in original).)  Endurance indicates that the request seeks "the motions, oppositions, replies, exhibits and rulings relative to Most's Motion for Partial No-Evidence and Traditional Summary Judgment Against Defendant Team Industrial Services, Inc., at a minimum."  (Doc. 260, at 13.)  The Court finds that a request for this information is neither vague, ambiguous, improper, nor unduly burdensome given the needs of this case.  These objections are **overruled**.

Team's discovery response also contends that pleadings or documents filed in the Texas litigation are "public record, equally accessible to Endurance."  (Doc. 260-10, at 6.)  Endurance asserts, however, that "motion and all related pleadings and exhibits in support, opposition and response were filed under seal," making them inaccessible.    (Doc. 260, at 13.)

In opposition to the motion, Team now posits that the requested documents "were filed (and are currently still) under seal *in the Texas case*," thus the

documents "may <u>not</u> be produced *in this case* without first obtaining permission from the court in Texas." (Doc. 263, at 15 (emphasis in original).) Team also contends that "Endurance has not responded to Team's invitation to discuss a means to obtain these documents in accordance with the procedure of the Texas court, nor has it independently intervened in the Texas action to request relief." (*Id*.)

Endurance replies that because Team did not assert the sealed objection in its discovery response, it has been waived. (Doc. 268, at 5.) While this technically may be true, it would be absurd for the Court to find that a party's failure to assert that a document has been sealed by another court somehow invalidates that court's order sealing the document(s).

Endurance acknowledges that Team has offered to cooperate with the process of intervening in the Texas litigation to request that the documents be unsealed and states it is "well aware it has the option of intervening in the Texas [litigation] for that purpose." (*Id*., at 8.) Even so, Endurance argues that it is "unclear whether under Texas law intervention is even necessary" and that it would be unduly burdensome "to saddl[e] Endurance with the time and expense of intervention when the pleadings are readily available through the discovery process here, along with appropriate protections from public disclosure … ." (*Id*.)

The Court declines Endurance's requests for this Court to order production of documents that have been sealed by another court in other proceedings. Endurance is free to initiate that process in the relevant Texas state court. This portion of Endurance's motion is **DENIED**.

### F.    Request for Production No. 8 and Request for Admission 25.

Request for Admission No. 25 asks Team to admit that "prior to June 3, 2018, [it] made no effort to correct the references to Furmanite" on the OCIP administrator's renewal materials "to reflect Team … instead." (Doc. 260-11, at 9; Doc. 260, at 16.)  Team objects "to the implication of this Request that as of the date [the renewal materials were] issued, there was an error that required 'correction.'" (Doc. 260-11, at 9.)  Team continued that the phrase "no effort" is vague and ambiguous because its position in this lawsuit "reflect[s] the bases for Team's conclusion that by no later than September 1, 2017, Team's interactions with WESTAR  … conveyed Team's expectation it should be 're-enrolled' in THE OCIP instead of 'Furmanite America, Inc.'"  (*Id.* (capitalization in original.))  Team thus denied the RFA for implying these circumstances "constituted 'no effort'." (*Id.*)

Request for Production No. 8 asks Team to produce all documents that support its response to Request for Admission No. 25 "[t]o the extent [Team's] response … is anything other than an unqualified admission … ." (Doc. 260-10, at

6.)  Team raised the same objections and indicated it "has disclosed the bases for its position" throughout discovery.  (*Id.*)

Endurance contends that RFA No. 25 should be deemed admitted because Team "made no effort and took no steps to correct what Team asserts was the administrative error of failing to substitute Team for Furmanite as the properly enrolled entity in the Westar OCIP."  (Doc. 260, at 17.)  Team responds that the June 27, 2017, Certificate of Liability Insurance ("COLI")

> was not inaccurate as of that date, because Team's repeatedly stated position is its status as the re-enrollee under the OCIP began on September 1, 2017, which was the 'effective date' on which Team formally – with Westar's assent – assumed the contractual obligation to perform the same work that historically had been unquestionably covered by Westar's OCIP.
>
> There consequently was no reason for Team to take any steps to 'correct' a COLI that was not inaccurate when issued. It is argumentative to suggest otherwise, not a proper solicitation of factual information or susceptible to a binary admission or denial.

(Doc. 263, at 16.)

The Court finds Team's response to be appropriate.  The parties clearly have a different view as to what constitutes "no effort."  Whether Team's actions/inactions equate to effort or "no effort" is a subjective issue to be decided by the trier of fact.  Team has adequately explained its position in its response to RFA No. 25.  As such, this portion of Endurance's motion is **DENIED**.

**G.     Request for Admission No. 24.**

This RFA asks Team to admit that an attached document "includes a record which was made at or near June 28, 2017[,] by Stacey McClain, was kept in the course of [Team's] regularly conducted activity, and that making such record was a regular practice of that activity." (Doc. 260-11, at 9.) Endurance describes the document as the renewal package sent by the OCIP administrator to McClain "for the policy period preceding that during which the subject accident occurred," including "a certificate of insurance and an updated Insurance Manual." (Doc. 260, at 15.) Endurance notes that the certificate of insurance indicates Furmanite as the insured under the OCIP rather than Team. (*Id*.) Endurance asserts that Ms. McClain, a former employee of Team, was "generally responsible for managing OCIP-related documentation" for Team. (*Id.*)

Team denied the RFA, stating that the document at issue "appears to be an e-mail from the OCIP administrator's representative Grace Farrar." (Doc. 260-11, at 9.) According to Team, it has "no basis to conclude that constitutes 'a record … made … by Stacey McClain … .'" (*Id*.) That stated, Team also indicates that it has "no basis to question the authenticity" of the document. (*Id*.)

Endurance argues "[t]he intent of this request is to not only establish the authenticity of the e-mail but that the e-mail and its attachments qualify as a business record excepted from the rule against hearsay pursuant to Federal Rule of Evidence § 803." (Doc. 260, at 16.) According to Endurance, "[t]he e-mail was

unquestionably received by McClain and saved (and later sent to another Team employee) as part of Team's business practices," thus constituting a "record created by McClain" and a "business record excepted from the hearsay rule." (*Id.*)

Team responds that the authenticity of the record is not at issue. (Doc. 263, at 17.) Team continues that it

> does not understand Endurance to suggest it intends to use the email to prove the truth of the matter asserted in the email. Endurance instead has suggested its intent is to establish Team received the email and attachments, which Team agrees.

(*Id.*, at 18.) According to Team, this "would seem to negate the need for resolution" of the hearsay issue. (*Id.*)

Because the document was simply emailed ***to*** Ms. McClain, the Court cannot, for purposes of this motion, agree that it constitutes a record ***made by*** Ms. McClain" as worded in the RFA. Further, this hearsay/evidentiary issue does not relate to a discovery issue *per se*, but rather relates to trial admissibility of the document at issue. This will be determined by the District Court if and when necessary. This portion of Endurance's motion is thus **DENIED without prejudice**.

IT IS THEREFORE ORDERED that the Motion to Compel filed by Endurance (Doc. 259) is **GRANTED in part** and **DENIED in part** as set forth

herein.  Team shall provide supplemental responses as outlined herein **within 30 days of the date of this Order**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 25th day of February 2022.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge